| 99 | 65 |
|-----|-----|
| 100 | 513 |

JOHN C. STEWART, and another, Appellants,

*vs.*

MARTHA ISABEL SKOLFIELD.

York.    Opinion May 24, 1904.

*Descent and Distribution.* Rights of widower prior to Stat. 1903, c. 160. *Husband and Wife. Wills.* Surviving husband waiving provisions had no distributive share.
R. S. *(1883), c. 75, §§ 8, 9; Stats. 1897, c. 221; 1903, c. 160.* `

Successions to estates of deceased persons are wholly governed in this State by statute.

Sections 8 and 9, c. 75, R. S. 1883, apply only to intestate estates.

Prior to the Stat. 1903, c. 160, § 1, there was no statute in this State which gives a widower a distributive share in the widow's personal estate after having waived the provisions of her will in his favor.

Mary H. Norton made certain provisions in her will in favor of her husband Jotham P. Norton, which he seasonably waived and thereupon claimed his distributive share in her estate as if she had died intestate. Her executors accordingly made payments to him from her estate. Upon petition of a residuary legatee of Mary's will the probate court disallowed the payment. An appeal to this court sitting in probate having been denied, exceptions were taken to its rulings. *Held;* that the appellants could not, under the statute then in force, sustain the claim of the widower to a distributive share of his widow's estate.

Exceptions by appellants.    Overruled.

Appeal in probate for York County by the executors of the will

of Jotham P. Norton. Upon the hearing of the appeal in the court below the presiding justice dismissed the appeal, and the appellants took exceptions.

The case appears in the opinion.

*John C. Stewart*, for appellants.

*Weston Thompson and E. W. Wheeler*, for appellee.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, SPEAR, JJ.

SPEAR, J. Mary H. Norton of the town and county of York died testate, March 24, 1899. In her will she made certain provisions for her husband, Jotham P. Norton, which he seasonably waived and thereupon claimed his distributive share in her estate as if she had died intestate. Before having obtained a decree upon his contention he died testate. John C. Stewart was duly appointed executor of Mary's will; and John C. Stewart and Fessenden I. Day, executors of Jotham's will. The executor of Mary's will paid to said Jotham in his lifetime the sum of $1,583.75 on account of his claimed distributive share of his wife's estate, and was allowed the same in his first account of the administration of her estate; he also paid to him $97.75 as a legacy, which was allowed in his second account.

Upon petition of Martha Isabel Skolfield, residuary legatee of Mary's will, the judge of probate ordered the executor of Mary's estate to charge back to himself in his third account both of the above items. From this order the executors of Jotham's will appealed. The second and third reasons of appeal are the only ones to which we need allude. The essential part of the second one is, "that by reason of his said waiver the said Jotham P. Norton became entitled to his distributive share of both the real and personal estate of his deceased wife; that said Mary H. Norton died, leaving no children; that said Jotham P. Norton's distributive share in said estate was one half;" and of the third one, "that said payments of $1,583.75 and $97.75 were paid to said Jotham P. Norton in his lifetime as portions of his distributive share of his deceased wife's estate and

should be allowed." The appellate court filed a decree affirming the judgment of the court below to which the appellants seasonably took exceptions which present for consideration the single question of whether the husband, by his waiver of her will, became entitled to a distributive share in his wife's estate. We think he did not. Succession to estates of deceased persons is wholly governed, in this State, by statute, and the appellants' rights in this case must be governed entirely thereby. They contend that a logical construction of the different provisions of the statute, in pari materia, sustains their position.

They assert that the last clause of section 9, R. S. (1883), chapter 75, "and the widower has the same share in his wife's estate" is a provision placing the widower on equal terms with the widow with regard to his rights in her personal estate; and that chapter 221, Public Laws of 1897, gives the widow, waiving the provisions of her husband's will, "the same distributive share of the personal estate of the testator as is provided by law in intestate estates;" and that, therefore, the widower, having the right of waiver, and being entitled to "the same share in his wife's estate," is, as a corollary, entitled to his distributive share.

But the error in the position of the appellants is not in their logic, but in their premises. Section 9, chapter 75, does not apply to the descent of an estate testate, at all. By a reference to the preceding section of the same chapter it will clearly appear that both sections, 8 and 9, apply only to intestate estates. If there could be any doubt, the above construction is emphatically confirmed by the action of the legislature of 1903 in enacting a statute identical in effect with that under which the appellants seek to sustain their claim. Public Laws, 1903, chapter 160, section 1. It is hardly presumable that the legislature would have done this had there been existing statutes accomplishing the same end. But the statute of 1903 does not apply to the case at bar.

There was, therefore, no provision of the statute in this State under which the appellants could sustain the claim of their testator to a distributive share of his widow's estate.

*Exceptions overruled.*